# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 04-282 (JRT) |
| Plaintiff, | |
| v. | **ORDER** |
| MOHAMED KAMAL EL-ZAHABI, | |
| Defendant. | |

---

Michael W. Ward, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Paul Engh, **ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis MN 55402, Peter B. Wold and Aaron J Morrison, **PETER B. WOLD, PA** , 247 Third Avenue South, Minneapolis, MN 55415, for defendant.

Defendant Mohamed Kamal El-Zahabi ("El-Zahabi") has been charged with two counts of making a false material statement in violation of 18 U.S.C. § 1001(a)(2). El-Zahabi has filed the following: Motion for an Order Permitting the Deposition of a Prospective Witness, Motion for Disclosure, Motion to Amend Conditions of Detention, and Motion for an Order Releasing Bank Accounts to Defendant's Parents. The Court grants in part and denies in part El-Zahabi's motions.

## BACKGROUND

El-Zahabi was interviewed by FBI agents over the course of seventeen days in April 2004, and as a result of those interviews, he was charged with two counts of making false statements during those interviews. Count 1 of the Indictment concerns El-Zahabi's statements regarding his involvement with Abdullah Al-Malki ("Al-Malki"). Al-Malki is a Canadian citizen and is believed to be currently residing in Canada. During 1995-96, defendant was living in New York and operating a business under the name "Drive Axel Rebuilder" ("DAR"). When questioned about his relationship with Al-Malki, El-Zahabi told the FBI agents that he agreed to let Al-Malki use DAR's address to receive packages, but that he merely held the packages for Al-Malki until Al-Malki was able to retrieve them. El-Zahabi told the FBI that he did not know the contents of the packages. The Indictment alleges that this statement was false, and that in truth, El-Zahabi opened the packages, and that he repacked and shipped the packages to overseas addresses.

Count 2 concerns El-Zahabi's involvement in the issuance of a Massachusetts driver's license to Raed Hijazi ("Hijazi") in 1997. Hijazi is an American citizen, however, it is believed that he is currently in prison in the country of Jordan. El-Zahabi told FBI agents that he did not assist Hijazi in obtaining the driver's license and did not authorize Hijazi to use his address in obtaining the driver's license. The Indictment alleges that this statement was false, and that in truth, El-Zahabi assisted Hijazi by allowing Hijazi to use El-Zahabi's address as his own, by transporting Hijazi to the examination facility, and by facilitating Hijazi's eventual physical receipt of the license.

El-Zahabi has been held pursuant to Special Administrative Measures ("SAM") approved by the Attorney General in the most secure prison in Minnesota, for approximately nineteen months. This form of detention is essentially solitary confinement in a state maximum security prison. El-Zahabi is allowed an exercise period of one hour per day, but sees no fellow prisoners, and is only allowed to communicate with defense counsel and guards.

El-Zahabi owns funds contained in bank accounts located in Minnesota. These accounts were frozen by the federal government in connection with this case and El-Zahabi has no access to these funds.

## ANALYSIS

### I.    MOTION FOR RULE 15 DEPOSITIONS

El-Zahabi moves for depositions of Al-Malki and Hijazi under Rule 15 of the Federal Rules of Criminal Procedure. El-Zahabi also seeks Rule 15 depositions of an additional twenty-one named witnesses.[1] Rule 15 governs the taking of depositions in federal criminal cases: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice . . . ." Fed. R. Crim. P. 15(a). The objective of Rule 15 is the preservation of evidence for use at trial and is not meant to provide a

---

[1] The additional twenty-one witnesses are: Abu Harith, Gulbuddin Hekmatyar, Abu Ai'sha, Ahmed El-Maati, Abu Raouda, Abu Ahmed, Abu Zubaida, Abu Mahlib, Ibn Khattab, Maher Arar, Amir Al-Monla, Mahmoud El-Asmer, Abus Mu'az Khowsti, Abu Burhan al Surri, IbnSheikh Al Libi, Ahmed Al-Rayyis, Habis Abdullah Al Saoub, Abu Walid, Abud Bilal, Khalid Shaykn Muhammad, and Abu Ja'far Al-Malaysi

method of pre-trial discovery. *United States v. Hutchings*, 751 F.2d 230, 236 (8th Cir. 1984). The decision to grant or deny a motion to take a deposition rests within the sound discretion of the trial court. *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977); *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998). The burden is on the moving party to show the existence of "exceptional circumstances." *Adcock*, 558 F.2d at 406.

Although there is no bright line definition of what constitutes "exceptional circumstances" warranting a Rule 15 deposition, courts often look at whether the witness will be unavailable to testify at trial, and whether the witness's testimony is material to the moving party's case. *See*, *e.g.*, *United States v. Cohen*, 260 F.3d 68, 77 (2d Cir. 2001); *United States v. Ismaili*, 828 F.2d 153, 158-159 (3d Cir. 1987); *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991); *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993). Rule 15 does not, however, require any conclusive showing of "unavailability" or "material testimony" before a deposition can be taken in a criminal case. *See United States v. Terrazas-Montano*, 747 F.2d 467, 469 (8th Cir. 1984) ("exceptional circumstances" found where witnesses were engaged in a hunger strike); *Omene*, 143 F.3d at 1170 ("Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case."). Rather, Rule 15 only requires that the trial court find that due to "exceptional circumstances" it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial. *See Terrazas-Montano*, 747 F.2d at 469; *Omene*, 143 F.3d at 1170.

The Court finds on the record before it that this case presents "exceptional circumstances" warranting depositions of Al-Malki and Hijazi. First, both witnesses are likely to be unavailable to testify at trial. Hijazi is in prison in Jordan and is unlikely to be released soon, and Al-Malki is a Canadian citizen residing in Canada, outside the process power of this Court. *United States v. Theresius Filippi*, 918 F.2d 244, 246 n.2 (1st Cir. 1990) (process power does not extend to foreign nationals living abroad). The Court finds that under the circumstances presented in this case, the two witnesses are "unavailable" as that term is understood in Rule 15. *United States v. Sun Myung Moon*, 93 F.R.D. 558, 559-60 (S.D.N.Y. 1982) (witness outside the process power of the court is "unavailable" for purposes of Rule 15 deposition); *United States v. Des Marteau*, 162 F.R.D. 364, 368 (M.D. Fla. 1995) (same); *United States v. Stroop*, 121 F.R.D. 269, 271 (E.D.N.C. 1988) (same); *United States v. Grossman*, 2005 WL 486735, *3 (S.D.N.Y. Mar. 2, 2005) (same); *Drogoul*, 1 F.3d at 1553 (same).

Second, El-Zahabi has made a sufficient showing that both witnesses are material to his defense. A defendant makes a sufficient showing that a witness sought to be deposed under Rule 15 is "material" where the proffered testimony is "relevant" and "potentially exculpating." *See Stroop*, 121 F.R.D. at 272 (citing *United States v. Wilson*, 601 F.2d 95, 98 (3d Cir. 1979)); *Grossman*, 2005 WL 486735, at *4 (testimony that would "challenge central aspects of the government's allegations" was material); *Marcos*, 1990 WL 58825, at *4 (testimony that would "refute" the government's allegations was material); *Drogoul*, 1 F.3d at 1552 (noting that "material" means "material to the party moving to depose"); *Des Marteau*, 162 F.R.D. at 368 (same).

The Court notes that both the parties discuss *United States v. Moussaoui*, 382 F.3d 453 (4th Cir. 2004), in their moving papers.  That case also involved significant national security concerns, but in contrast to this case, examined a defendant's right under the Sixth Amendment Compulsory Process clause to obtain witnesses in his favor, as well as the District Court's power to compel the appearance or testimony of those witnesses by issuing a writ of habeas corpus *ad testificandum.*  Nevertheless, the Fourth Circuit employed a definition of "material" witnesses that is similar to the cases cited above, holding that the test for "materiality" was whether the defendant could make a "plausible showing" that the witnesses would be "relevant and helpful" to the defense, or that they would be "essential to a fair determination" of the case.  *Moussaoui*, 382 F.3d at 471-72 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Smith*, 780 F.2d 1102, 1107-10 (4th Cir. 1985)); *see also United States v. Rivera*, 412 F.3d 562, 570 (4th Cir. 2005) (citing *Moussaoui*); *United States v. Bin Laden*, 2005 WL 287404 (S.D.N.Y. Feb. 7, 2005) (same); *United States v. Sattar*, 314 F. Supp. 2d 279, 319-20 (S.D.N.Y. 2004) (same).  In *Moussaoui*, the Fourth Circuit determined that the witnesses sought to be deposed were material, and remanded to the District Court with instructions regarding the use of redacted summaries as substitutions for the witnesses' live testimony.

The Court finds that El-Zahabi has made a sufficient showing that Al-Malki and Hijazi would be "material" witnesses under any of the definitions employed by courts and cited in this opinion.  In fact, their testimony may be central to each count.  With respect to Al-Malki, El-Zahabi claims that Al-Malki would testify that he never told El-

Zahabi to open the packages and re-ship them.[2]  If believed, that testimony would support El-Zahabi's statement to the FBI that he did not open the packages or know their contents, which is the allegedly false statement at issue in Count 1.   Clearly, if El-Zahabi's statement to the FBI was true, then the prosecution will not be able to meet one of the elements of the charged offense.  El-Zahabi has alleged that Al-Malki's testimony would directly refute one of the elements of the prosecution's case, and is therefore "material."

With respect to Hijazi, El-Zahabi argues that Hijazi would confirm that El-Zahabi had nothing to do with Hijazi obtaining a Massachusetts driver's license.[3]   If believed, this testimony would support El-Zahabi's statement to the FBI that he did not help Hijazi obtain a driver's license, which is the allegedly false statement in Count 2.  Hijazi's testimony, as proffered, would negate one of the elements of the charged offense, and therefore is "material," again under any definition of the term.

Since Al-Malki and Hijazi are both "unavailable" and "material," the Court finds "exceptional circumstances" warranting Rule 15 depositions of both men.  The Court grants El-Zahabi's Motion for Rule 15 Depositions of Al-Malki and Hijazi.

With respect to Hijazi, the Court will issue a Letter Rogatory to the Country of Jordan in an attempt to facilitate the taking of his deposition.  *See United States v. Steele*, 685 F.2d 793, 808-09 (3d Cir. 1982) (approving use of letters rogatory in connection with

---

[2] *See* Def.'s Reply to United States' Mem. in Response to Def.'s Mot. for Disclosure, 4.

[3] *See* Def.'s Mem. in Supp. of his Mot. for Ct. Order Permitting the Dep. of a Prospective Witness, 4.

Rule 15) (citing Fed. R. Crim. P. 15(d); Fed. R. Civ. P. 28(b)(3)); 28 U.S.C. § 1781 (providing that the District Court may transmit a letter rogatory or request directly to the foreign or international tribunal, officer, or agency to whom it is addressed). The Court orders the parties to meet and confer, and to propose a Letter Rogatory for Court within ten days of this Order.

With respect to Al-Malki, it is the Court's understanding that a Mutual Legal Assistance Treaty is in effect between the United States and Canada that governs the taking of depositions in these circumstances. *See* Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, 1985 U.S.T. LEXIS 230. The Court directs the parties to this Treaty, and orders the parties to consider the Treaty's provisions in arranging for the taking of the deposition of Al-Malki.

El-Zahabi also seeks to depose an additional twenty-one witnesses:  Abu Harith, Gulbuddin Hekmatyar, Abu Ai'sha, Ahmed El-Maati, Abu Raouda, Abu Ahmed, Abu Zubaida, Abu Mahlib, Ibn Khattab, Maher Arar, Amir Al-Monla, Mahmoud El-Asmer, Abus Mu'az Khowsti, Abu Burhan al Surri, IbnSheikh Al Libi, Ahmed Al-Rayyis, Habis Abdullah Al Saoub, Abu Walid, Abud Bilal, Khalid Shaykn Muhammad, and Abu Ja'far Al-Malaysi.  In contrast to the proffer of testimony from Al-Malki and Hijazi, El-Zahabi has not made a proffer of testimony from these witnesses.  The Court finds that El-Zahabi has failed to demonstrate that any of these additional witnesses are "material" to the allegations in this case as they currently stand.  If El-Zahabi provides more specific

details regarding their testimony, the Court can then assess whether the witnesses would be "material."

The Court notes the possibility, however, that these witnesses may become material at a later point in this case. For example, if El-Zahabi is convicted after trial, some of the named witnesses may be material during the penalty phase of this case. *See Moussaoui*, 382 F.3d 453, 472. The Court denies El-Zahabi's motion to depose the additional twenty-one witnesses at this time, but would permit El-Zahabi to bring a similar motion at a later time, as necessary.

## II.    MOTION FOR DISCLOSURE

El-Zahabi has filed a motion for disclosure, in which he seeks access to certain categories of information and documents, under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Counsel for the prosecution has averred that it is "familiar with its obligations to search for and disclose evidence that is materially exculpatory of the specific charges at issue in this case and we will comply with those obligations." *See* Letter from Ward to Engh, June 16, 2005. In addition, the prosecution has specified the procedures it is using in order to comply with its Rule 16 and *Brady* obligations. Finally, counsel for the prosecution has informed the Court that it has already produced the majority of information and documents sought by El-Zahabi that fall within its Rule 16 and *Brady* obligations.

As set forth above, El-Zahabi is currently charged with two narrow false statement offenses. It is the Court's understanding that the prosecution is responding to El-Zahabi's

motion for disclosure with those narrow charges in mind.  The Court reminds the prosecution that its Rule 16 and *Brady* obligations are ongoing, and notes that any expansion of the allegations in this case will require additional disclosure.

Based on the allegations in this case as they currently stand, as well as representations from counsel for the prosecution regarding their Rule 16 and *Brady* obligations, the Court denies El-Zahabi's motion for disclosure at this time.

## III.    MOTION TO AMEND CONDITIONS OF DETENTION

El-Zahabi filed a motion seeking to amend the conditions of his detention, as set forth in the SAMs, arguing that he has been a model prisoner and that he has already served the suggested Sentencing Guidelines' sentence.  The prosecution opposes any change to the SAMs, arguing that the SAMs are based in part on a concern for El-Zahabi's physical well-being.  The prosecution also disputes El-Zahabi's contention that he has already served the suggested sentence for the charged offenses under the Guidelines.

The SAMs do raise some concern for the Court as to the punitive nature of the detention.  The Court has raised these concerns with the United States Marshals Service, and in response, the conditions of detention have been modified.[4]  The Court will continue to monitor conditions.

---

[4] For example, El-Zahabi's recreational time, reading materials, and canteen privileges have all been increased.

Therefore, the Court denies El-Zahabi's motion to amend conditions of detention at this time.[5]   The Court makes no determination regarding the length of the suggested sentence under the Guidelines.

## IV.   MOTION FOR ORDER RELEASING BANK ACCOUNTS TO DEFENDANT'S PARENTS

El-Zahabi owns funds in Minnesota bank accounts.  The federal government has frozen these accounts.  El-Zahabi requests that the funds from these bank accounts be disbursed to his parents.

The Court denies El-Zahabi's motion to release the funds in the bank accounts to his parents at this time, but orders the prosecution to take no further action with respect to the accounts, until further Order of this Court.

## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant's Motion for a Court Order Permitting the Deposition of a Propsective Witness [Docket No. 35] is **GRANTED**.  The parties shall meet and confer, and propose a Letter Rogatory to the Court within ten (10) days of this Order.

---

[5] If El-Zahabi wants the Court to order changes to the SAMs, then the Court will need to examine the administrative appeals process for challenging the SAMs.  *See United States v. Ali*, 2005 WL 2757939 (E.D. Va. Oct. 24, 2005).

2.     Defendant's Motion for Disclosure is [Docket No. 33] is **GRANTED IN PART** and **DENIED IN PART** as follows:   Defendant may depose Al-Malki.   The Motion is **DENIED** in all other respects.

3.     Defendant's Motion to Amend Conditions of Detention [Docket No. 37] is **DENIED**.

4.     Defendant's Motion for an Order Releasing Bank Accounts to defendant's parents [Docket No. 38] is **DENIED**.   **IT IS FURTHER ORDERED** that the prosecution shall take no further action with respect to the bank accounts.

**IT IS FURTHER HEREBY ORDERED** that counsel for the parties shall contact the Court's Calendar Clerk, Ms. Sarah Bagwell, for a date for a status conference. The status conference shall occur no later than January 10, 2006.

DATED:    December 7, 2005                        _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                     United States District Judge