UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-282 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS FOR VIOLATION OF RIGHT TO COUNSEL** |
| MOHAMED KAMAL ELZAHABI, | |
| Defendant. | |

William H. Koch and Thomas M. Hollenhorst, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; John W. Van Lonkhuyzen, **U.S. DEPARTMENT OF JUSTICE**, Main Bldg., Room 2738, 10th & Constitution Avenue N.W., Washington D.C. 20530, for plaintiff.

Paul Engh, **ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402; Peter B. Wold and Aaron J. Morrison, **PETER B. WOLD, PA**, 247 Third Avenue South, Minneapolis, MN 55415, for defendant.

Defendant Mohamed Kamal Elzahabi has been charged with two counts of providing false material statements in violation of 18 U.S.C. § 1001(a)(2), and three counts of possession of fraudulent immigration documents in violation of 18 U.S.C. § 1546(a). This matter is before the Court on defendant's Motion to Dismiss for Violation of His Right to Counsel. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

On January 22, 2007, counsel for the defendant received a letter from the prosecution indicating that in May 2004 cameras and microphones had been installed in defendant's prison cell and in the prison recreation room. Although many inmates use designated "due process rooms" when meeting with their lawyers, defendant and his attorneys met in the recreation room to discuss legal matters. The prosecution's letter stated that privileged conversations may have been inadvertently recorded from the cell and recreation room cameras on tapes and a computer hard drive. The prosecution further stated that the tapes and computer hard drive had not been reviewed, and that it was therefore unknown whether any video or audio of the meetings had been captured.

## ANALYSIS

Defendant argues that this case should be dismissed because the prosecution has violated his Sixth Amendment right to counsel and has prejudiced his defense. The Sixth Amendment provides that an accused shall enjoy the right to counsel in all criminal prosecutions. U.S. Const. amend. VI. The Sixth Amendment right to counsel "means effective assistance of counsel." *Clark v. Wood*, 823 F.2d 1241, 1249 (8th Cir. 1987). To establish a Sixth Amendment violation, a criminal defendant must show that the government knowingly intruded on the attorney-client relationship. *United States v. Singer*, 785 F.2d 228, 235 (8th Cir. 1986). However, the identification of a Sixth Amendment violation alone does not require dismissal of an indictment. *Id.* Even where a violation is deliberate, dismissal is an appropriate remedy only where the defendant shows that the violation resulted in prejudice or a substantial threat of prejudice. *United*

*States v. Morrison*, 449 U.S. 361, 365-66 (1981). For example, the Eighth Circuit has held that even where attorney-client meetings were monitored in violation of the Sixth Amendment, a defendant is not entitled to dismissal absent a showing that the substance of the overheard conversations was used against him. *Clark*, 823 F.2d at 1249-50.

The prosecution argues that there has been no Sixth Amendment violation in this case. The prosecution stresses that the recordings were inadvertently made. The prosecution further points out that the tapes and hard drive have never been reviewed, and that nobody knows whether any attorney-client meetings were recorded, or whether any audio of the meetings was captured. As such, the prosecution argues there is no evidence of an intrusion on the attorney-client relationship, much less a knowing intrusion. Defendant counters that the alleged monitoring has undermined the sanctity of the attorney-client relationship in this case, even if the prosecution has not viewed the tapes. Specifically, defendant argues that his awareness of potential monitoring activities has chilled his willingness to communicate openly with counsel.

The Court shares the concerns of defendant's counsel regarding the prison monitoring activities, and agrees that defendant's awareness of the prison monitoring may have a tendency to discourage the spirit of candor that is at the heart of the attorney-client privilege. Nonetheless, the Court finds that the prosecution has not violated defendant's Sixth Amendment right to counsel. In particular, the Court notes that the defense has not established that video or audio of the attorney-client meetings has been captured, and the prosecution has averred that any such recordings were inadvertently made. *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977) (finding no Sixth Amendment violation where there was "no tainted evidence in [the] case, no

communication of defense strategy to the prosecution, and no purposeful intrusion" on the attorney-client meetings). As such, the Court finds that the prosecution has not knowingly intruded on the attorney-client relationship. The Court therefore concludes that defendant's Sixth Amendment right to counsel has not been violated, and denies his motion to dismiss on this basis.

The Court is mindful of the potential for such monitoring activities to cause irrevocable damage to the attorney-client relationship, and assures defendant that his Sixth Amendment right to counsel will be protected. The mere possibility that defendant's conversations are being recorded may now impede his willingness to communicate openly with counsel. The Court further notes that the prosecution is now clearly on notice of defendant's legitimate concern. For these reasons, any further monitoring of defendant's communications with counsel, whether inadvertent or deliberate, whether seen or unseen, will be deemed a knowing intrusion on the attorney-client relationship in violation of defendant's Sixth Amendment right to counsel. Such a violation will result, at a minimum, in sanctions on the prosecution.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Motion to Dismiss for Violation of His Right to Counsel [Docket No. 77] is **DENIED**.

DATED:  May 7, 2007
at Minneapolis, Minnesota.

       s/ John R. Tunheim     
JOHN R. TUNHEIM
United States District Judge