# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-282 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND** |
| | **ORDER GRANTING DEFENDANT'S** |
| MOHAMED KAMAL ELZAHABI, | **MOTION TO SEVER** |
| Defendant. | |

W. Anders Folk, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; John W. Van Lonkhuyzen, **U.S. DEPARTMENT OF JUSTICE**, Main Building., Room 2738, 10th & Constitution Avenue N.W., Washington D.C. 20530, for plaintiff.

Paul Engh, **ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402; Peter B. Wold and Aaron J. Morrison, **PETER B. WOLD, PA**, 247 Third Avenue South, Minneapolis, MN 55415, for defendant.

Defendant Mohamed Kamal Elzahabi ("Elzahabi") is charged with two counts of providing false material statements in violation of 18 U.S.C. § 1001(a)(2) and three counts of possession of fraudulent immigration documents in violation of 18 U.S.C. § 1546(a). Elzahabi filed this motion to sever the false statement charges from the immigration fraud charges, arguing that evidence related to the alleged false statements will prejudice the jury's consideration of the immigration fraud charges. For the reasons set forth below, the Court grants Elzahabi's motion to sever.

## BACKGROUND

Elzahabi was interviewed by the Federal Bureau of Investigation ("FBI") over the course of 17 days in April and May 2004 in connection with an investigation of Elzahabi's alleged links to suspected terrorists.   The prosecution filed a five-count Superseding Indictment (the "Indictment") against Elzahabi on December 6, 2005.

Counts 1 and 2 of the Indictment allege that Elzahabi made false material statements to the FBI between April 18 and April 20, 2004.  Count 1 alleges that Elzahabi falsely stated that he was unaware of the contents of packages shipped to a business he operated in New York, and that he merely held those packages for pickup by another individual.  Count 1 alleges that, in truth, Elzahabi knew the packages contained radios and telecommunications devices and he helped repackage and ship the packages to Pakistan.

Count 2 alleges that Elzahabi falsely stated that he did not assist another individual, Ri'ad Hijazi, in obtaining a Massachusetts driver's license by allowing Hijazi to use his address as his own and by transporting him to the examination facility.  Hijazi was arrested in connection with an Al-Qaeda plot to blow up various tourist destinations in Jordan, and is presently detained in a Jordanian prison.

Counts 3, 4, and 5 charge Elzahabi with knowingly using a fraudulently obtained immigration document to obtain employment in Minnesota from 2001 until 2002.  These counts allege that Elzahabi entered into a fraudulent marriage to a United States citizen in 1984, and that he used this fraudulent marriage to obtain a green card in 1986.

## ANALYSIS

Under Federal Rule 14(a), "If the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  The Eighth Circuit has held that to grant a motion for severance, "the necessary prejudice must be 'severe or compelling.'"  *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) (internal citation omitted).  Prejudice is severe where the jury is incapable of compartmentalizing the evidence.  *United States v. Koskela*, 86 F.3d 122, 126 (8th Cir. 1996).  In determining the jury's ability to compartmentalize the evidence, courts consider the complexity of the case and the adequacy of admonitions and instructions of the trial judge.  *Pherigo*, 327 F.3d at 693.  In other words, "[p]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt if the crimes were considered separately."  *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996).

Elzahabi argues that the evidence supporting Counts 1 and 2 is wholly different from the evidence in support of Counts 3, 4, and 5.  Elzahabi further argues that evidence related to Counts 1 and 2 will prejudice the jury's consideration of evidence related to the remaining immigration fraud charges.  The prosecution does not oppose severance of Count 1 from the remaining counts, but argues that a portion of the evidence related to the remaining counts comes from a single set of FBI interviews with the defendant.  The prosecution further argues that evidence related to Count 2 is probative of Counts 3, 4 and 5 as "prior bad act" evidence under Federal Rule of Evidence 404(b), and that,

conversely, evidence related to Counts 3, 4, and 5 is probative of Count 2.  According to the prosecution, the probative value of this "prior bad act" evidence outweighs any potential prejudice caused by joinder of the counts.

The Court finds that the evidence the prosecution intends to offer under Rule 404(b) has little, if any, probative value with respect to the other counts.  Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However, such "prior bad act" evidence is admissible for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  Fed. R. Evid. 404(b).  While the Eighth Circuit has interpreted Rule 404(b) as a "rule of inclusion," the prosecution must nonetheless show that the bad act evidence is 1) relevant to a material issue, 2) similar in kind and not overly remote in time to the charged crime, 3) supported by sufficient evidence, and 4) such that its potential prejudice does not substantially outweigh its probative value.  *United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004).  According to the prosecution, evidence that Elzahabi fraudulently obtained a green card in 1986 (an element of Counts 3, 4, and 5) is relevant to show that Elzahabi acted "intentionally and without mistake in facilitating Hijazi's false statements to the Massachusetts Department of Motor Vehicles."  (United States' Mem. at 5.)  The prosecution argues that Elzahabi's conduct with respect to both sets of charges demonstrates that he "knowingly participated in submitting false information to a governmental authority in order to obtain a benefit."  (*Id.*)

The Court finds these arguments unpersuasive.  The prosecution fails to identify the wrongful conduct relevant to Count 2 that would be probative of the immigration fraud charges in Counts 3, 4, and 5.  The substantive offense in Count 2 of making false material statements to the FBI does not itself demonstrate a common plan or *modus operandi* under Rule 404(b), since Elzahabi can hardly be said to have lied to the FBI in order to obtain a benefit from the government.[1]  Moreover, the underlying conduct at issue in Count 2 concerns false statements made by Hijazi, not Elzahabi, to the Massachusetts DMV.  Even if Elzahabi allowed Hijazi to use his address, transported Hijazi to the DMV, and facilitated Hijazi's eventual receipt of the license, as alleged in Count 2, such conduct is less probative of the immigration fraud charges because Hijazi, and not Elzahabi, made the alleged false statements to the DMV in order to obtain a driver's license.  As such, the alleged prior bad acts in Count 2 are sufficiently distinct from the alleged conduct in Counts 3, 4, and 5 to undermine its probative value with respect to the Rule 404(b) exceptions.  In addition, the eleven years that elapsed between the alleged bad acts further attenuates their probative value under Rule 404(b).  *See United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996) (noting that the temporal proximity between the prior acts is less likely to undermine probative value where the "prior acts are 'so nearly identical in method as to earmark them as the handiwork of the

---

[1]  While an individual may surely "benefit" by evading criminal investigation or prosecution, such a benefit is entirely distinct from a governmental benefit, such as the issuance of a green card, which confers a property interest upon individuals possessing a legitimate claim of entitlement.

accused'") (internal citations omitted).   The Court concludes that the "prior bad act" evidence has little, if any, probative value under Rule 404(b).

Even if this evidence had some limited probative value under Rule 404(b), however, the Court finds that the potential prejudice resulting from evidence related to Count 2 substantially outweighs its probative value with respect to Counts 3, 4, and 5. *See Crenshaw*, 359 F.3d at 998.   To prevail on Count 2, the prosecution must show beyond a reasonable doubt that Elzahabi knowingly and willfully made a "materially false, fictitious, or fraudulent statement or representation."   18 U.S.C. § 1001(a)(2).   To establish materiality, the prosecution must show that the statement has a natural tendency to influence, or is capable of influencing, the decision of the agency to which it was addressed.   *United States v. Henderson*, 416 F.3d 686, 692 (8th Cir. 2005).   Elzahabi was interviewed by FBI agents over the course of a 17-day period to determine whether he was still in contact with suspected terrorists.   As such, the materiality of Elzahabi's statements regarding his assistance to Hijazi, a suspected Al-Qaeda terrorist, will require proof that those statements influenced or were capable of influencing the FBI's subsequent determination of Elzahabi's suspected terrorist links.

The Court finds that such proof will likely involve evidence related to suspected terrorists or terrorist plots.   Without question, any such evidence would be extremely prejudicial and would outweigh its limited probative value to the immigration fraud charges under Rule 404(b).   Further, such evidence would eliminate the jury's capacity to compartmentalize the evidence introduced in support of the various counts of the Indictment.   The slightest insinuation of terrorism would contaminate the jury's

perception of the defendant, and may lead it to infer the defendant's guilt on the immigration fraud charges in Counts 3, 4, and 5.  It is unlikely that any instruction or admonishment from this Court, no matter how emphatic, could mitigate that prejudicial effect.   Thus, even if the prosecution could prove materiality without introducing evidence of Elzahabi's connection to alleged terrorists or terrorism, the severity of the prejudice that could result from any such evidence warrants severance of the counts.

In sum, the Court finds that the prejudice that could result from joinder of Count 2 with Counts 3, 4, and 5 is severe, and far outweighs any probative value of the "prior bad act" evidence under Rule 404(b).  For these reasons, the Court finds that severance of Counts 1 and 2 from Counts 3, 4, and 5 is proper under Rule 14(a).  The Court therefore grants Elzahabi's motion for severance.

## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion for severance of counts [Docket No. 88] is **GRANTED**.  Counts 1 and 2 of the Indictment are severed from Counts 3, 4, and 5 of the Indictment.  Trial on Counts 3, 4, and 5 of the Indictment is scheduled for July 30, 2007, at 9:30 a.m. in Courtroom 13E.

DATED:  July 16, 2007                                     s/John R. Tunheim
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                                   United States District Judge