## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMAD KAMAL ELZAHABI,<br><br>Defendant. | Criminal No. 04-282 (JRT)<br><br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR EXAMINATION AND COMPETENCY HEARING** |

W. Anders Folk, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; John W. Van Lonkhuyzen, **UNITED STATES DEPARTMENT OF JUSTICE**, Tenth & Constitution Avenue NW, Room 2738, Washington, DC 20530; for plaintiff.

Paul C. Engh, **ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402; Peter B. Wold and Aaron J. Morrison, **PETER B. WOLD, PA**, 247 Third Avenue South, Minneapolis, MN 55415; for defendant.

Defendant Mohamad Kamal Elzahabi has been charged with two counts of making false statements in violation of 18 U.S.C. § 1001(a)(2), and three counts of possessing fraudulent immigration documents in violation of 18 U.S.C. § 1546(a). The government filed this motion requesting that the Court order the defendant to undergo a psychiatric examination and that the Court hold a competency hearing prior to trial. For the reasons explained below, the Court denies the motion.

## BACKGROUND

The government filed false statement and fraudulent immigration charges against Elzahabi in June 2004. Since that time, Elzahabi has been in government custody and has been subject to severe administrative restrictions. The government has never permitted Elzahabi to interact with the general prison population and has only allowed him to meet with counsel if he first agreed to being strip searched and placed in chains.

Elzahabi last appeared before the Court in April 2006 for an evidentiary hearing. Neither the prosecuting attorney nor counsel for Elzahabi questioned the defendant's competence to stand trial at that hearing. In January 2007 Elzahabi learned that the Bureau of Prisons had in 2004 installed video cameras in his room and had made recordings of every conversation between him and his attorney. Elzahabi moved in February 2007 to dismiss all the charges because the recordings violated the Sixth Amendment to the Constitution. The Court denied the motion on the grounds that the recordings were inadvertently made and that government officials had not listened to them.

The next in-court hearing occurred on July 3, 2007. Elzahabi did not attend that hearing. Elzahabi's attorney represented to the Court at that time that Elzahabi had been unwilling to meet with him for the past four months.

The government filed this motion on July 12, 2007, requesting that the Court order Elzahabi to undergo a mental evaluation to determine whether he is competent to stand trial and then hold a competency hearing or, in the alternative, that the Court order the defendant to appear so that the Court can evaluate his competence. Counsel for Elzahabi

opposes the motion and requests that the case proceed to trial, which is currently scheduled for July 30, 2007.

## ANALYSIS

The Due Process Clause of the Fifth Amendment prohibits criminal prosecutions of defendants who are not competent to stand trial. *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *United States v. Bishop*, 350 U.S. 961, 961 (1956); *see also Drope v. Missouri*, 420 U.S. 162, 172 (1975) (holding that the prohibition is "fundamental to an adversary system of justice"). A defendant is competent if he is able "to consult with his lawyer with a reasonable degree of understanding and [has] a rational as well as factual understanding of the proceedings against him." *United States v. Robinson*, 253 F.3d 1065, 1067 (8th Cir. 2001) (internal quotations and citations omitted). To determine whether a defendant can stand trial, courts consider "numerous factors," *United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006), including evidence of irrational behavior, the defendant's demeanor, and prior medical opinions on the defendant's mental competency. *United States v. Yu*, 484 F.3d 979, 984-85 (8th Cir. 2007).

To "safeguard" this due process guarantee, the Supreme Court has determined that there exists a "separate procedural due process right to a competency hearing." *Reynolds v. Norris*, 86 F.3d 796, 800 (8th Cir. 1996); *see also Drope*, 420 U.S. at 172. The Constitution requires that a court hold such a hearing, either on a motion by one of the parties or sua sponte, whenever there exists evidence that raises a "sufficient doubt" about the mental competency of an accused to stand trial. *Reynolds*, 83 F.3d at 800; *see*

*also* 18 U.S.C. § 4241(a) (requiring a hearing where there is "reasonable cause" to believe that the defendant has "become mentally incompetent").[1] If the Court orders a hearing, the Court may also order that a "psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b).

The government argues that the lack of communication between Elzahabi and his attorney alone requires the Court to order a psychological examination and a competency hearing. The cases cited in the government's brief, however, involve factual reasons to doubt a defendant's competency that are not present here. In *Griffin v. Lockhart*, 935 F.2d 926 (8th Cir. 1991), for example, the defendant presented evidence of head injuries incurred while being placed under arrest, previous psychological and physical difficulties, and medical reports. *Id.* at 930-31. Similarly, in *Reynolds*, the trial court erred by failing to hold a hearing because the defendant had a long history of mental illness, his IQ was lower than normal, and he gave "meandering and irrational testimony" during the trial.[2] 86 F.3d 796. Moreover, the attorneys in those cases, unlike in this case, questioned whether their clients were competent, *id.* at 802; *Griffin*, 935 F.2d at 931, and courts are to weigh defense counsel's opinion before ordering that a competency hearing take place. *Branscomb v. Norris*, 47 F.3d 258, 262 (8th Cir. 1995).

---

[1] The Eighth Circuit uses both standards in determining whether a competency hearing is required. *See United States v. Crawford*, 487 F.3d 1101, 1105 (8th Cir. 2007).

[2] The defendant killed his victim because of suspicions the victim molested the defendant's girlfriend. At trial the defendant placed responsibility for the killing on the Department of Defense, the Reagan Party, increased taxes, President Bush, and then Governor of Arkansas Clinton. *Reynolds*, 86 F.3d at 801.

This case is also distinguishable from those cited by the government because Elzahabi has endured restrictions uncommon to pretrial detainees. The government has detained Elzahabi for over three years, forced him to agree to strip searches before meeting with his attorney, and secretly recorded confidential attorney client conversations. Given the extraordinary nature of his confinement, Elzahabi's decision to stop talking to his attorney does not indicate that he lacks the competency to "consult with his lawyer" or to understand the "proceedings against him," *Robinson*, 253 F.3d at 1067, but seems instead to indicate that Elzahabi has determined it is in his best interests to cease communications with his attorney. Such a decision in these circumstances does not demonstrate that Elzahabi lacks the competence to stand trial. *See Ferry v. State*, 453 N.E.2d 207, 212 (Ind. 1983) (holding that a defendant who refuses to talk to his attorney "is perhaps unwise, or even foolish" but not incompetent). This is especially true considering that Elzahabi's own attorney, who is most familiar with Elzahabi's condition, does not feel a competency hearing is warranted. *See Branscomb*, 47 F.3d at 262.

At the present time, the facts of this case do not raise a "sufficient doubt" that Elzahabi lacks the competence to stand trial, *Reynolds*, 83 F.3d at 800, or give "reasonable cause" to believe that Elzahabi has become "mentally incompetent." 18 U.S.C. 4241(a). The Court, however, must always be alert to "a change that would render the accused unable to meet the standards of competence," *Drope*, 420 U.S. at 181, and the Court will revisit this issue if facts develop giving rise to a suspicion that Elzahabi no longer has the competence sufficient to stand trial. The government's motion is therefore denied, and this case remains set for trial on July 30, 2007. The Court

will also grant Mr. Engh's request to change the conditions under which he meets with Elzahabi. Mr. Engh is ordered to contact the U.S. Marshal to arrange the necessary meeting to prepare for trial.

## ORDER

Based on the foregoing, and all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion for psychiatric exam and competency hearing [Docket No. 96] is **DENIED**.

DATED: July 17, 2007                 s/ John R. Tunheim  
at Minneapolis, Minnesota.            JOHN R. TUNHEIM  
                                                     United States District Judge